IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KENNETH WAYNE KEYS | : | |
| Plaintiff | : | |
| v | : | Civil Action No. DKC-06-2425 |
| MEDICAL DEPARTMENT OF<br>METROPOLITAN TRANSITION CENTER,<br>et al | : | |
| | : | |
| Defendants | | |

o0o
**<u>MEMORANDUM</u>**

Pending in the above-captioned civil rights case is the Motion to Dismiss filed by Prison Health Services, Inc. Paper No. 10. The motion, which is unopposed by Plaintiff, seeks dismissal of all claims raised against Prison Health Services for failure to state a claim. *Id*. Upon review of the allegations raised in the complaint and the motion to dismiss, the Court concludes that the complaint as to Prison Health Services must be dismissed.

Background

Plaintiff alleges on March 16, 2003, while he was incarcerated at the Baltimore City Detention Center, he fell from his top bunk onto the concrete floor. Paper No. 1 at p. 5. He claims that as a result of the fall he ruptured two discs in his back. *Id*. He states he was taken to University of Maryland Hospital for treatment where he was told his pain would increase with age and nothing could be done to correct the injury. *Id*. He received an MRI and CT scan to confirm the findings and was advised by an orthopedic surgeon that surgery would be needed in the future to reduce the level of his pain. *Id*. He claims that as an inmate at the Metropolitan Transition Center he put in many sick call slips on a daily basis, requesting stronger medication and an appointment with a doctor because his back pain is severe. *Id*. He asserts he is unable to lift anything without sharp

pains in his back and that walking is painful for him. *Id*. at p. 6. Plaintiff states that the only thing he received in response to his complaints were muscle relaxers. He concludes that the treatment provided and the refusal to allow him to be seen by a doctor or have surgery scheduled constitutes deliberate indifference to a serious medical need by the medical department and the Maryland Division of Corrections. *Id*.

Standard of Review

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Nevertheless, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 n.3 (2007). That showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

In its determination, the court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). The court must disregard the contrary allegations of the opposing party. *See A.S. Abell Co. v. Chell*, 412 F.2d 712, 715 (4th Cir. 1969). The court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal

2

conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). In sum, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S.Ct. at 1965 (internal citations omitted).

Analysis

In order to state an Eighth Amendment constitutional claim for denial of medical care, Plaintiff must demonstrate that Defendant's acts (or failures to act) amounted to deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In essence, the treatment rendered must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. *See Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citation omitted). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." *Miltier*, 896 F.2d at 851. Reckless disregard occurs when a defendant "knows of and disregards an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer v. Brennan*, 511 U. S. 825, 837 (1994). Thus, a health care provider must have actual knowledge of a serious condition, not just knowledge of the symptoms. *See Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998). Furthermore, mere negligence or malpractice does not rise to a constitutional level. *See Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *Donlan v. Smith*, 662 F. Supp. 352, 361 (D. Md. 1986).

3

"'[B]ecause society does not expect that prisoners will have unqualified access to health care,' the objective component of an Eighth Amendment claim based on deprivation of medical attention is satisfied only if the medical need of the prisoner is 'serious'". *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (quoting *Hudson v. McMillian*, 503 U. S. 1, 9 (1992)).  "[A]n injury or condition is 'serious' only if it is 'life threatening or poses a risk of needless pain or lingering disability if not treated at once.'" *Anderson-El v. O'Keefe*, 897 F. Supp. 1093, 1096 (N.D. Ill. 1995) (quoting *Davis v. Jones*, 936 F.2d 971, 972 (7th Cir. 1991)).  In determining whether an alleged deprivation of medical care amounts to a constitutional violation, courts must consider the severity of the medical problem, the potential for harm if medical care was denied or delayed, and whether such harm actually resulted from the lack of medical attention. *See Burns v. Head Jailor of LaSalle County*, 576 F. Supp. 618, 620 (D.N. Ill. 1984) (citation omitted).

Plaintiff's allegations against Prison Health Services ("PHS") are based solely upon vicarious liability, otherwise known as the doctrine of *respondeat superior*.  Plaintiff makes no direct allegations against PHS, rather he attributes liability to the corporate entity because the alleged conduct of the individual doctors involved in his case. *See* Paper No. 4 at p. 2.  The doctrine of *respondeat superior* generally does not apply in Section 1983 claims . *Monell v. Department of Social Services of City of New York*  436 U.S. 658, 691, 98 S.Ct. 2018, 2036 (1978); *Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982); *McIlwain v. Prince William Hospital*, 774 F.Supp. 986, 990 (E.D.Va. 1991).  Prison Health Services is entitled to dismissal of the claims against it and the Motion to Dismiss will be granted by separate order which follows.

Plaintiff's amended complaint names individual doctors who allegedly denied access to proper medical care.  Paper No. 4.  Several of the doctors filed an answer.  *See* Paper No. 14.  A

scheduling order was issued by the court on March 30, 2007, requiring a status report by June 1, 2007, and setting a motions deadline of August 3, 2007.  *See* Paper No. 15.  The court has received neither motions nor a status report.  The parties will be required promptly to provide the court with a status report regarding the remaining defendants.

|    August 9, 2007    | _____/s/_____ |
|---|---|
| Date | DEBORAH K. CHASANOW |
|  | United States District Judge |